| PROB 22 (Rev. 1/2023) | **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)* 10-00471-001 |
|---|---|---|
| | | DOCKET NUMBER *(Rec. Court)* 25-tp-80032-Artau |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Nevin Shapiro | DISTRICT New Jersey | DIVISION Newark |
|---|---|---|
| | NAME OF SENTENCING JUDGE Susan D. Wigenton | |
| | DATES OF PROBATION/ SUPERVISED RELEASE: | FROM 12/20/2024 — TO 12/19/2027 |

**OFFENSE**

15:78J.F, Manipulative And Deceptive Devices; 18:1957-7430.F, Racketeering - Engaging In Monetary Transactions

JUSTIFICATION/REASON FOR TRANSFER (e.g., prosocial ties, employment/education opportunities, violation of supervision)

Offender resides permanently in Florida

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE New Jersey

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Southern District Florida upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

Dec. 11, 2025

Date                                    United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE Southern District Florida

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

12/17/25

Effective Date                          United States District Judge

CLOSED

# U.S. District Court
## District of New Jersey [LIVE] (Newark)
## CRIMINAL DOCKET FOR CASE #: 2:10-cr-00471-SDW-1

Case title: USA v. SHAPIRO

Date Filed: 07/14/2010

Magistrate judge case number: 2:10-mj-08082-MCA

Date Terminated: 06/14/2011

---

**Movant**

**BARBARA ANN MURRAY**
*TERMINATED: 09/05/2013*

represented by **BARBARA ANN MURRAY**
P.O. BOX 3121
WESTPORT, CT 06880
(203) 222-0472
PRO SE

---

Assigned to: Judge Susan D. Wigenton

Appeals court case number: 11-2628 3rd
Circuit

**Defendant (1)**

**NEVIN SHAPIRO**
*TERMINATED: 06/14/2011*

represented by **NEVIN SHAPIRO**
61311-050
RRM MIAMI
401 N MIAMI AVENUE
MIAMI, FL 33128
PRO SE

**LOUISE ARKEL**
Federal Public Defender
972 Broad St.
Newark, NJ 07102
973-645-6347
Email: louise_arkel@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MARIA ELENA PEREZ**
COUNSEL NOT ADMITTED TO USDC-
NJ BAR
145 MADEIRA AVENUE
SUITE 310
CORAL GABLES, FL 33134

305-461-3100
Email: mari2much@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**MICHAEL ROSS TEIN**
COUNSEL NOT ADMITTED TO USDC-
NJ BAR
LEWIS TEIN PL
3059 GRAND AVENUE
SUITE 340
COCONUT GROVE, FL 33133
305-442-1101
Email: tein@lewistein.com
*TERMINATED: 05/11/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 15:78j(b)78ff(a)17:240-10b-5 SECURITIES FRAUD (dof 1/2005/-11/2009) (2) | 240 months (240 months on Count Two and 120 months on Count Five, to be served concurrently) 3 years Supervised Release (3 years on each of Counts Two and Five, to run concurrently) Restitution: $82,657,362.29; Fine: Waived; Special Assessmeent: $200. **Sentence commuted by Executive Grant of Clemency signed on 12/12/24. Total sentence of confinement to expire on 12/22/24.** |
| 18:1957 TRANSACTING IN CRIMINAL PROCEEDS (dof 5/16/2008-7/8/2008) (5) | 240 months (240 months on Count Two and 120 months on Count Five, to be served concurrently) 3 years Supervised Release (3 years on each of Counts Two and Five, to run concurrently) Restitution: $82,657,362.29; Fine: Waived; Special Assessmeent: $200. **Sentence commuted by Executive Grant of Clemency signed on 12/12/24. Total sentence of confinement to expire on 12/22/24.** |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:371 CONSPIRACY TO COMMIT SECURITIES AND WIRE FRAUD (dof 1/2005-11/2009) (1) | Dismissed |

18:1343 2 FRAUD BY WIRE (dof
5/16/2008-7/8/2008)
(3-4)

Dismissed

18:1957 TRANSACTING IN CRIMINAL
PROCEEDS (dof 5/16/2008-7/8/2008)
(6)

Dismissed

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                        **Disposition**

SECURITIES FRAUD/MONEY
LAUNDERING

---

**Plaintiff**

**USA**                          represented by   **CHELSEA COLEMAN**
DOJ-USAO
970 BROAD STREET
NEWARK, NJ 07102
973-353-6086
Email: chelsea.coleman@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JACOB T. ELBERG**
OFFICE OF THE US ATTORNEY
970 BROAD STREET
SUITE 700
NEWARK, NJ 07102
(973) 645-2700
Email: jacob.elberg@usdoj.gov
*ATTORNEY TO BE NOTICED*

**JUSTIN W. ARNOLD**
OFFICE OF THE US ATTORNEY
970 BROAD STREET
SUITE 700
NEWARK, NJ 07102
(973) 645-2785
Email: justin.arnold@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/20/2010 | 1 | SEALED COMPLAINT as to NEVIN SHAPIRO (1). (kd) [2:10-mj-08082-MCA] (Entered: 04/23/2010) |
| 04/20/2010 | 3 | Order to Seal Case as to NEVIN SHAPIRO. Signed by Magistrate Judge Madeline C. Arleo on 4/20/2010. (kd) [2:10-mj-08082-MCA] (Entered: 04/23/2010) |

| | | |
|---|---|---|
| 04/21/2010 | | Arrest of NEVIN SHAPIRO. (kd) [2:10-mj-08082-MCA] (Entered: 04/23/2010) |
| 04/21/2010 | 4 | Minute Entry for proceedings held before Magistrate Judge Madeline C. Arleo:Initial Appearance as to NEVIN SHAPIRO held on 4/21/2010, Bond Hearing as to NEVIN SHAPIRO held on 4/21/2010, Bond set as to NEVIN SHAPIRO (1) 10,000,000.00 Secured by Property, Waiver of Preliminary Hearing. (CD #10-04k, 3:02.) (kd) [2:10-mj-08082-MCA] (Entered: 04/23/2010) |
| 04/21/2010 | 5 | NOTICE OF ATTORNEY APPEARANCE: MICHAEL ROSS TEIN appearing for NEVIN SHAPIRO. (kd) [2:10-mj-08082-MCA] (Entered: 04/23/2010) |
| 04/21/2010 | 6 | WAIVER of Preliminary Examination or Hearing by NEVIN SHAPIRO (On The Record). (kd) [2:10-mj-08082-MCA] (Entered: 04/23/2010) |
| 04/21/2010 | 7 | ORDER Setting Conditions of Release as to NEVIN SHAPIRO (1) 10,000,000 Secured by Property. Signed by Magistrate Judge Madeline C. Arleo on 4/21/2010. (kd) [2:10-mj-08082-MCA] (Entered: 04/23/2010) |
| 04/21/2010 | | APPEARANCE Bond Entered as to NEVIN SHAPIRO in amount of $ 10,000,000.00, Secured By Property. (kd) [2:10-mj-08082-MCA] (Entered: 04/23/2010) |
| 04/21/2010 | | AGREEMENT TO FORFEITURE PROPERTY as to NEVIN SHAPIRO. Signed by Magistrate Judge Madeline C. Arleo on 4/21/2010. (kd) [2:10-mj-08082-MCA] (Entered: 04/23/2010) |
| 04/26/2010 | 9 | ORDER TO CONTINUE - Ends of Justice as to NEVIN SHAPIRO. Time excluded from 4/21/2010 until 6/19/2010. Signed by Magistrate Judge Madeline C. Arleo on 4/26/2010. (kd) [2:10-mj-08082-MCA] (Entered: 04/28/2010) |
| 04/29/2010 | 10 | NOTICE OF ATTORNEY APPEARANCE JACOB T. ELBERG appearing for USA. (ELBERG, JACOB) [2:10-mj-08082-MCA] (Entered: 04/29/2010) |
| 05/11/2010 | 11 | NOTICE OF ATTORNEY APPEARANCE: Maria E. Perez appearing for NEVIN SHAPIRO. (kd) [2:10-mj-08082-MCA] (Entered: 05/13/2010) |
| 07/14/2010 | 12 | INDICTMENT as to NEVIN SHAPIRO (1) count(s) 1, 2, 3-4, 5-6. (mrd, ) (Entered: 07/16/2010) |
| 07/14/2010 | | Notice of Allocation and Assignment as to NEVIN SHAPIRO (Newark- Judge Susan D. Wigenton) (mrd, ) (Entered: 07/16/2010) |
| 07/14/2010 | | Notice of Allocation and Assignment setting Arraignment as to NEVIN SHAPIRO Arraignment set for 7/22/2010 10:30 AM in Newark - Courtroom 5C before Susan D. Wigenton. (mrd, ) (Entered: 07/19/2010) |
| 07/22/2010 | 13 | Minute Entry for proceedings held before Susan D. Wigenton:Arraignment as to NEVIN SHAPIRO (1) Count 1,2,3-4,5-6 held on 7/22/2010, Plea entered by NEVIN SHAPIRO Not Guilty on counts All Counts., ( Jury Trial set for 9/21/2010 09:30 AM before Susan D. Wigenton., Omnibus Hearing set for 9/20/2010 10:00 AM before Susan D. Wigenton.) (Court Reporter/Recorder Carmen Liloia.) (ak, ) (Entered: 07/22/2010) |
| 07/22/2010 | 14 | ORDER for Discovery and Inspection as to NEVIN SHAPIRO, ( Motions due by 8/30/2010, Opposition due by 9/13/2010.). Signed by Susan D. Wigenton on 7/22/10. (ak, ) (Entered: 07/22/2010) |

| | | |
|---|---|---|
| 08/02/2010 | 15 | Minute Entry for proceedings held before Magistrate Judge Madeline C. Arleo:Bail Hearing as to NEVIN SHAPIRO held on 8/2/2010. Defendant's Original Bail Conditions Set on 4/21/2010 will remain the same. $10,000,000.00 Secured by $1,000,000.00 in Equity, and additional conditions set in the Order. (CD #10-08K, 2:27.) (kd) (Main Document 15 replaced on 8/3/2010) (kd, ). (Entered: 08/03/2010) |
| 08/20/2010 | | Set/Reset Hearings as to NEVIN SHAPIRO: Plea Agreement Hearing set for 9/15/2010 09:00 AM in Newark - Courtroom 5C before Susan D. Wigenton. (ak, ) (Entered: 08/20/2010) |
| 09/15/2010 | 16 | Minute Entry for proceedings held before Susan D. Wigenton:Change of Plea Hearing as to NEVIN SHAPIRO held on 9/15/2010, Plea entered by NEVIN SHAPIRO (1) Guilty Count 2,5., ( Sentencing set for 1/4/2011 10:30 AM in Newark - Courtroom 5C before Susan D. Wigenton. Any submissions to be reviewed by the Judge for sentencing must be submitted to chambers five (5) days before date of sentencing. Counsel should be advised that any submission received after the deadline will not be considered. Further, counsel will be precluded from orally arguing the issues set forth in any untimely submissions.) (Court Reporter/Recorder Carmen Liloia.) (ak, ) (Entered: 09/16/2010) |
| 09/15/2010 | 17 | APPLICATION for permission to enter Plea of guilty as to NEVIN SHAPIRO. (ak, ) (Entered: 09/16/2010) |
| 09/15/2010 | 18 | PLEA AGREEMENT as to NEVIN SHAPIRO (ak, ) (Entered: 09/16/2010) |
| 10/11/2010 | 19 | Transcript of Proceedings as to NEVIN SHAPIRO held on 09/15/10, before Judge Wigenton. Court Reporter/Transcriber Carmen Liloia, Telephone number 973 477 9704. Tape Number: Plea (Pages 1-18). Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber only. (tjg,) (Entered: 10/12/2010) |
| 01/25/2011 | | Reset Hearings as to NEVIN SHAPIRO: Sentencing set for 4/26/2011 10:30 AM in Newark - Courtroom 5C before Susan D. Wigenton. (ak, ) (Entered: 01/25/2011) |
| 02/18/2011 | 20 | First MOTION to Continue *Sentencing* by NEVIN SHAPIRO. (Attachments: # 1 Text of Proposed Order)(PEREZ, MARIA) (Entered: 02/18/2011) |
| 02/23/2011 | 21 | ORDER denying 20 Motion to Continue as to NEVIN SHAPIRO (1). Signed by Susan D. Wigenton on 2/22/11. (jn, ) (Entered: 02/23/2011) |
| 03/21/2011 | 22 | TEXT ORDER as to NEVIN SHAPIRO, ( Sentencing reset for 5/13/2011 03:30 PM in Newark - Courtroom 5C before Susan D. Wigenton. This will be the final adjournment.). Signed by Susan D. Wigenton on 3/21/11. (ak, ) (Entered: 03/21/2011) |
| 04/15/2011 | 23 | Second MOTION to Continue *Sentencing* by NEVIN SHAPIRO. (Attachments: # 1 Appendix Medical Note Atty Perez, # 2 Text of Proposed Order)(PEREZ, MARIA) (Entered: 04/15/2011) |
| 04/26/2011 | 24 | ORDER granting 23 Motion to Continue as to NEVIN SHAPIRO (1). Sentencing scheduled for 6/7/11 @ 3:30 p.m. Signed by Susan D. Wigenton on 4/25/11. (jn, ) (Entered: 04/26/2011) |
| 04/26/2011 | | Reset Hearings as to NEVIN SHAPIRO: Sentencing set for 6/7/2011 at 03:30 PM in Newark - Courtroom 5C before Susan D. Wigenton. Per Order #24 (mfr) (Entered: 04/28/2011) |
| 06/02/2011 | 25 | NOTICE *of Intent to Call Witnesses at Sentencing* as to NEVIN SHAPIRO (PEREZ, MARIA) (Entered: 06/02/2011) |
| 06/06/2011 | 26 | Emergency MOTION to Continue *Sentencing* by NEVIN SHAPIRO. (PEREZ, MARIA) (Entered: 06/06/2011) |

| 06/07/2011 | 27 | CONSENT JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE as to NEVIN SHAPIRO.. Signed by Susan D. Wigenton on 6/7/2011. (msd) (Entered: 06/08/2011) |
|---|---|---|
| 06/07/2011 | 28 | Minute Entry for proceedings held before Susan D. Wigenton:Sentencing held on 6/7/2011 for NEVIN SHAPIRO (1), Count(s) 1, 3-4, 6, Dismissed; Count(s) 2 and 5, 240 months (240 months on Count Two and 120 months on Count Five, to be served concurrently) 3 years Supervised Release (3 years on each of Counts Two and Five, to run concurrently) Restitution: $82,657,362.29; Fine: Waived; Special Assessmeent: $200. (Court Reporter/Recorder Carmen Liloia.) (ak, ) (Entered: 06/09/2011) |
| 06/14/2011 | 29 | NOTICE OF APPEAL by NEVIN SHAPIRO The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (PEREZ, MARIA) (Entered: 06/14/2011) |
| 06/14/2011 | 30 | JUDGMENT as to NEVIN SHAPIRO (1), Count(s) 1, 3-4, 6, Dismissed; Count(s) 2,5 240 months (240 months on Count Two and 120 months on Count Five, to be served concurrently) 3 years Supervised Release (3 years on each of Counts Two and Five, to run concurrently) w/ Special Conditions: Alcohol/drug testing and treatment, Gambling restrictions and registration on exclusion lists, mental health treatment, New debt restrictions, Restriction from entering gambling establishments, Self-employment/business disclosure, Occupational restriction; Restitution: $82,657,362.29 due immediately; Fine: Waived; Special Assessmeent: $200 due immediately;. Signed by Susan D. Wigenton on 6/14/2011. (msd) (Entered: 06/15/2011) |
| 01/11/2012 |  | USCA Appeal Fees received $ 455, receipt number NEW011780 as to NEVIN SHAPIRO re 29 Notice of Appeal - Final Judgment : (tjg, ) (Entered: 01/11/2012) |
| 11/30/2012 | 32 | JUDGMENT of USCA (certified copy) as to NEVIN SHAPIRO re 29 Notice of Appeal - Final Judgment (Attachments: # 1 Opinion)(Craven, Shannon) (Entered: 11/30/2012) |
| 12/26/2012 | 33 | MANDATE of USCA (certified copy) as to NEVIN SHAPIRO re 29 Notice of Appeal - Final Judgment affirming judgment and commitment order of the District Court entered on June 15, 2011. (Attachments: # 1 Opinion)(ca3mb, ) (Entered: 12/26/2012) |
| 03/14/2013 | 34 | Application and Order for Writ of Garnishment as to NEVIN SHAPIRO. Signed by Judge Susan D. Wigenton on 3/14/2013. (mrd, ) (Entered: 03/18/2013) |
| 04/02/2013 | 35 | NOTICE *to the Court and Motion to Strike Correspondence from the Record* as to NEVIN SHAPIRO (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(PEREZ, MARIA) (Entered: 04/02/2013) |
| 04/03/2013 | 36 | MOTION to Strike by NEVIN SHAPIRO. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(mrd, ) (Entered: 04/05/2013) |
| 04/22/2013 | 37 | RESPONSE in Opposition by USA as to NEVIN SHAPIRO re 36 MOTION to Strike (ELBERG, JACOB) (Entered: 04/22/2013) |
| 04/25/2013 | 38 | ORDER denying 36 Motion to Strike as to NEVIN SHAPIRO (1). Signed by Judge Susan D. Wigenton on 4/25/2013. (mrd, ) (Entered: 04/26/2013) |
| 07/23/2013 | 39 | Transcript of Proceedings as to NEVIN SHAPIRO held on August 2, 2010, before Judge MADELINE COX ARLEO. Court Reporter/Transcriber KING TRANSCRIPTION SERVICES/ Sara L. Kern (973-237-6080).BAIL REVIEW HEARING. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber only. (ek) (Entered: 07/23/2013) |
| 07/23/2013 | 40 | Transcript of Proceedings as to NEVIN SHAPIRO held on April 21, 2010, before Judge MADELINE COX ARLEO. Court Reporter/Transcriber King Transcription Services /Sara L. Kern (973-237-6080). HEARING. Transcript may be viewed at the court public |

| | | terminal or purchased through the Court Reporter/Transcriber only. (ek) (Entered: 07/23/2013) |
|---|---|---|
| 09/04/2013 | 41 | ORDERED that the Application and ORDER for an ORDER TO SHOW CAUSE is DENIED ( The papers were returned to Barbara Ann Murray) as to NEVIN SHAPIRO DENIED. Signed by Judge Susan D. Wigenton on 9/4/2013. (mrd, ) (Entered: 09/05/2013) |
| 02/27/2014 | 42 | First MOTION to Vacate Sentence ( Civil Action Susan D. Wigenton). by NEVIN SHAPIRO. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit, # 25 Exhibit, # 26 Exhibit, # 27 Exhibit, # 28 Exhibit, # 29 Exhibit, # 30 Exhibit, # 31 Exhibit, # 32 Exhibit, # 33 Statement)(PEREZ, MARIA) (Entered: 02/27/2014) |
| 02/27/2014 | 43 | MOTION Memorandum in Support of Motion to Vacate Sentence Pursuant to Section 2255 re 42 First MOTION to Vacate Sentence ( Civil Action Susan D. Wigenton). by NEVIN SHAPIRO. (PEREZ, MARIA) (Entered: 02/27/2014) |
| 03/06/2017 | | Notice of Motion to Vacate Sentence under Sec. 2255 terminated on 3/6/17, Civil Action 14-cv-01316-SDW, as to NEVIN SHAPIRO. (DD, ) (Entered: 03/07/2017) |
| 07/02/2018 | 44 | Letter from NEVIN SHAPIRO Requesting the status of his Restitution balance remaining re 30 Judgment,, 27 Order for Forfeiture of Property (mrd, )n.m. (Entered: 07/05/2018) |
| 07/23/2018 | 45 | NOTICE of Address Change and Pro Se Representation as to NEVIN SHAPIRO (mrd, ) (Entered: 07/30/2018) |
| 01/28/2019 | 46 | Letter from NEVIN SHAPIRO re Requesting a copy of his Judgment (Forwarded to Files and Records) (mrd, ) (Entered: 02/04/2019) |
| 02/01/2019 | 48 | Letter from NEVIN SHAPIRO re 30 Judgment,, 27 Order for Forfeiture of Property (Forwarded to Finance Dept. Trenton, NJ) (mrd, )n.m. (Entered: 02/26/2019) |
| 02/22/2019 | 47 | Letter from NEVIN SHAPIRO re 41 Order (mrd, ) (Entered: 02/26/2019) |
| 05/20/2019 | 49 | MOTION FOR ACTION ON PRIOR FILINGS re 44 Letter by NEVIN SHAPIRO. (mrd, ) (Entered: 05/22/2019) |
| 07/15/2019 | 50 | Letter from Clerk's Office in response to 44 Letter, 47 Letter, 48 Letter, and 49 MOTION FOR ACTION ON PRIOR FILINGS (jr) (Entered: 07/18/2019) |
| 11/03/2022 | 51 | Letter from Martin H. Tankleff, Esq., Counsel for Mr. Nevin Shapiro requesting copies of document (Attachments: # 1 Envelope)(JB, ) (Entered: 11/04/2022) |
| 11/08/2022 | 52 | Court Letter responding to Mr. Tankleff's request. regarding 51 Letter (JB, ) (Entered: 11/08/2022) |
| 03/27/2023 | 53 | Motion for Reduction of Sentence Under First Step Act 18 U.S.C. 3582 (c)(1)(A) by NEVIN SHAPIRO. (JB, ) (Entered: 03/29/2023) |
| 08/28/2023 | 54 | NOTICE OF ATTORNEY APPEARANCE CHELSEA COLEMAN appearing for USA. (COLEMAN, CHELSEA) (Entered: 08/28/2023) |
| 08/29/2023 | 55 | NOTICE OF ATTORNEY APPEARANCE: LOUISE ARKEL appearing for NEVIN SHAPIRO (ARKEL, LOUISE) (Entered: 08/29/2023) |
| 08/29/2023 | 56 | Supplemental Motion for Reduction of Sentence Under First Step Act 18 U.S.C. 3582 (c)(1)(A) by NEVIN SHAPIRO. (ARKEL, LOUISE) (Entered: 08/29/2023) |

| | | |
|---|---|---|
| 09/26/2023 | 57 | BRIEF in Opposition by USA as to NEVIN SHAPIRO re 53 Motion for Reduction of Sentence Under First Step Act 18 U.S.C. 3582 (c)(1)(A), 56 Supplemental Motion for Reduction of Sentence Under First Step Act 18 U.S.C. 3582 (c)(1)(A) (Attachments: # 1 Exhibit Exhibit A)(COLEMAN, CHELSEA) (Entered: 09/26/2023) |
| 06/16/2024 | 58 | Transcript of Sentencing as to NEVIN SHAPIRO held on June 7, 2011, before Judge Susan D. Wigenton. Court Reporter: Carmen Liloia. Transcript may be viewed at the court public terminal or purchased through the Court Reporter only. (adc) (Main Document 58 replaced on 6/20/2024) (adc, ). (Entered: 06/18/2024) |
| 09/20/2024 | 59 | OPINION. Signed by Judge Susan D. Wigenton on 9/20/2024. (Notice of Mail) (dam) (Entered: 09/20/2024) |
| 09/20/2024 | 60 | ORDER denying 53 Defendant Nevin Shapiro's Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). Signed by Judge Susan D. Wigenton on 9/20/2024. (Notice of Mail) (dam) (Entered: 09/20/2024) |
| 12/12/2024 | 61 | EXECUTIVE GRANT OF CLEMENCY: As to deft NEVIN SHAPIRO, signed by Joseph R. Biden, Jr., President of the United States on 12/12/2024. (tjg, ) (Entered: 12/20/2024) |
| 04/01/2025 | 62 | Letter from Monique K. Pope, Esq. addressed to Judge Susan D. Wigenton requesting permission for Mr. Nevin Shapiro to travel. (dam) (Entered: 04/02/2025) |
| 04/15/2025 | 63 | ORDER as to NEVIN SHAPIRO **denying** defendant's request to modify his conditions of release to allow him to travel freely for work without prejudice. Signed by Judge Susan D. Wigenton on 4/15/2025. (Notice of Mail) (dam) (Entered: 04/15/2025) |

2010R00096/jwa/jte

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| | : | |
| | : | Crim. No. 10- 471(SDW) |
| | : | |
| | : | 15 U.S.C. §§ 78j(b) and |
| v. | : | 78ff; 17 C.F.R. 240.10b-5 |
| | : | |
| | : | 18 U.S.C. §§ 371, |
| | : | 981(a)(1)(C), 982(a)(1), |
| | : | 1343, 1957, and 2 |
| | : | |
| NEVIN SHAPIRO | : | 28 U.S.C. § 2461(c) |

I N D I C T M E N T

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

**COUNT 1**
**(Conspiracy to Commit Securities and Wire Fraud)**

1. At all times relevant to this Indictment:

    a. Capitol Investment USA, Inc. ("Capitol"), a Florida corporation with offices in Miami Beach, Florida, was a purported wholesale grocery distribution business. Capitol was run by defendant NEVIN SHAPIRO, who was Capitol's founder, owner and Chief Executive Officer. As CEO, defendant SHAPIRO controlled all aspects of Capitol's business, which also employed a number of additional individuals. From in or around January 2005 to in

-1-

or around November 2009, defendant SHAPIRO and his co-conspirators induced investors to provide defendant SHAPIRO and Capitol with hundreds of millions of dollars, promising that the money would be used to fund Capitol's grocery distribution business – through which Capitol would purportedly purchase merchandise which would then be resold at a profit.  However, during this time, Capitol had virtually no active wholesale grocery business.  Instead, Capitol operated an investment scheme commonly known as a "Ponzi" scheme, in which new investors' funds are utilized to pay previous investors in the absence of any underlying security, legitimate investment vehicle or other commodity.  Pursuant to this scheme, defendant SHAPIRO used the money provided by investors to (i) pay earlier investors in order to further the fraud; and (ii) for defendant SHAPIRO's personal benefit.

b.  An individual who is named as a co-conspirator and a co-schemer but not as a defendant herein ("UC 1") worked as Capitol's Chief Financial Officer.

c.  An individual who is named as a co-conspirator and a co-schemer but not as a defendant herein ("UC 2") worked as an accountant at Capitol.

d.  An individual who is named as a co-conspirator and a co-schemer but not as a defendant herein ("UC 3") worked as a bookkeeper at Capitol.

-2-

2.    From in or around January 2005 to in or around November 2009, in the District of New Jersey, and elsewhere, defendant

NEVIN SHAPIRO

did knowingly and willfully conspire and agree with UC 1, UC 2, UC 3 and others to commit offenses against the United States, that is:

a.    by use of the means and instrumentalities of interstate commerce and the mails, directly and indirectly, to use manipulative and deceptive devices and contrivances in contravention of Title 17, Code of Federal Regulations, Section 240.10b-5 (Rule "10b-5") in connection with the purchase and sale of securities by (i) employing devices, schemes, and artifices to defraud members of the investing public; (ii) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (iii) engaging in acts, practices, and a course of business which operated and would operate as a fraud and deceit upon Capitol investors, contrary to Title 15, United States Code, Sections 78j(b) and 78ff(a) and Title 17, Code of Federal Regulations, Section 240-10b-5; and;

b.    to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and to use interstate wire communications for the purpose of executing such

-3-

scheme and artifice, contrary to Title 18, United States Code, Section 1343.

Object of the Conspiracy

3.   The object of the conspiracy was for defendant NEVIN SHAPIRO, UC 1, UC 2, UC 3 and others to fraudulently obtain hundreds of millions of dollars from Capitol investors in New Jersey and elsewhere by falsely claiming that the money was going to be used to fund Capitol's grocery distribution business when, in fact, the money was intended to be used and was used to pay earlier investors in order to further the fraud and for defendant SHAPIRO's personal benefit, and to use wire communications in interstate commerce, including wire communications to and from New Jersey, for the purpose of executing this scheme.

Manner and Means of the Conspiracy

The manner and means by which defendant NEVIN SHAPIRO and his co-conspirators sought to accomplish the object of the conspiracy included, among other things, the following:

4.   Defendant SHAPIRO, UC 1, UC 2, UC 3, and others made and caused to be made numerous false statements, false representations, and material omissions regarding the profitability of Capitol's purported grocery distribution business to fraudulently induce investors to provide defendant SHAPIRO and Capitol with millions of dollars, when in fact Capitol had virtually no sales or profit during the relevant time period.

-4-

5.   Defendant SHAPIRO, UC 1, UC 2, UC 3, and others, made and caused to be made to potential investors numerous false statements and representations that the investors' money would be used to fund Capitol's grocery diversion business, including by using the funds to buy grocery products and resell them at a profit, when in fact defendant SHAPIRO intended to use, and did use, the funds to repay earlier investors and for his own personal benefit.

## A. False Representations

6.   On numerous occasions, to induce investors to invest money in Capitol, defendant SHAPIRO directed others to create and show to potential investors fraudulent documents falsely touting the profitability of Capitol's purported grocery wholesale business, including, among other things:

a.   financial statements, including profit and loss statements, which falsely represented that Capitol's wholesale grocery business was generating tens of millions of dollars in sales;

b.   business income tax returns for defendant SHAPIRO and Capitol that falsely reflected tens of millions of dollars in sales for Capitol; and

c.   numerous invoices falsely reflecting transactions purportedly entered into between Capitol and other companies in the wholesale grocery business and purporting to show Capitol's sources of product and income.

-5-

7.   As a further inducement for investors to invest money in Capitol, defendant SHAPIRO and others provided and caused to be provided to investors documents, including promissory notes, joint venture agreements, and other evidence of indebtedness, that reflected the amount of the investors' investment in Capitol and falsely promised specific returns, in the form of interest ranging from 10 percent to 26 percent on an annualized basis, according to a schedule that varied from a matter of days up to one year.

8.   Based on these false statements and representations and material omissions, investors in New Jersey and throughout the United States sent money to defendant SHAPIRO and Capitol that was then deposited into Capitol's bank accounts and into defendant SHAPIRO's personal bank accounts.  During the time period relevant to this Indictment, defendant SHAPIRO raised at least approximately $880 million in this fashion.

9.   Contrary to the statements and omissions described above, Capitol did not have a profitable wholesale grocery business and defendant SHAPIRO, UC 1, UC 2, UC 3, and others did not use investor money to fund Capitol's grocery business as promised.  Specifically:

a.   Capitol had virtually no active wholesale grocery business during the time period relevant to this Indictment;

b.   defendant SHAPIRO and Capitol did not produce tens of millions of dollars in yearly sales based on any legitimate

-6-

business activity.  In fact, Capitol had virtually no business sales, and a vast majority of the money that came into Capitol was through the solicitation of investor money;

c.   Capitol did not have the sources of product and income reflected on the invoices.  In fact, Capitol conducted virtually no legitimate business transactions during the time period relevant to this Indictment; and

d.   The proceeds of the fraud were in fact used primarily (i) to make payments to investors in order to gain their confidence so as to encourage the investors to provide additional funds to SHAPIRO and Capitol and to avoid detection of the fraudulent scheme("lulling payments"), (ii) to fund defendant SHAPIRO's lavish lifestyle, and (iii) to make payments to certain individuals who recruited additional investors to invest with Capitol.

## B. Proceeds of the Fraud

10.   Defendant SHAPIRO misappropriated millions of dollars of investor funds for his personal benefit.  For example, despite representing to investors that funds would be used to fund Capitol's grocery business, defendant SHAPIRO used investor funds to pay for, among other things:

a.   debts resulting from illegal gambling on sporting events;

b.   floor seats to professional basketball games;

c.   his monthly mortgage payment on his residence in

Miami Beach, Florida;

      d.   payments on a Riviera yacht; and

      e.   his monthly payment for the lease of a Mercedes-Benz S65 AMG.

11.   Defendant SHAPIRO used additional misappropriated investor funds to finance donations to the athletic program of a local university in the Miami, Florida area.  As a result of a 10-year gift to the university, the Nevin Shapiro Student-Athlete lounge at the university was named for defendant SHAPIRO.

**C. Failure to Make Required Principal and Interest Payments**

12.   Beginning in or about January 2009, defendant SHAPIRO and Capitol began failing to make required principal and interest payments to investors.

13.   In response to investor questions surrounding payments which had not been made, defendant SHAPIRO made a number of false representations to investors, including that Capitol's vendors were late in making payments to Capitol, that Capitol was suffering from "cash flow problems," and that defendant SHAPIRO's accountant was "on vacation."

14.   On or about November 30, 2009, certain Capitol investors to whom defendant SHAPIRO and Capitol had failed to make required principal and interest payments filed an involuntary bankruptcy petition against Capitol.  At that time, defendant SHAPIRO and Capitol owed more than $100 million to investors.

## Overt Acts

15. In furtherance of the conspiracy and in order to effect the objects thereof, defendant SHAPIRO and his co-conspirators committed or caused the commission of the following acts in the District of New Jersey and elsewhere:

16. Defendant SHAPIRO, UC 1, UC 2, UC 3, and others made and caused to be made numerous false statements, false representations, and material omissions to fraudulently induce investors to provide defendant SHAPIRO and Capitol with millions of dollars, including the following acts:

a. On or about January 5, 2006, defendant SHAPIRO engaged in a telephone conversation with investor "R.K." in New Jersey to solicit investor R.K. to invest approximately $200,000 in Capitol based on defendant SHAPIRO's false statements that the money would be used to fund Capitol's wholesale grocery business.

b. On or about January 10, 2006, defendant SHAPIRO and others created and caused to be created fictitious invoices to solicit investor "A.S." to invest, through A.S.'s business, approximately $126,725 in Capitol based on defendant SHAPIRO's false representations that the money would be used to fund Capitol's wholesale grocery business.

c. In or around July 2007, defendant SHAPIRO and others provided and caused to be provided to investor J.W. financial statements, tax returns, and other documents in which it was represented that:

-9-

       i. Capitol had an ongoing grocery wholesale business;

       ii. Capitol had gross sales of approximately $55 million in 2006; and

       iii. Capitol anticipated gross sales of $60 million in 2007.

       d.   In or around September 2007, defendant SHAPIRO had a telephone conversation with investor "G.M." in which defendant SHAPIRO solicited investor G.M. to invest in Capitol based on defendant SHAPIRO's false representations that the money would be used to fund Capitol's wholesale grocery business.

       e.   On or about October 4, 2007, UC 3, at the direction of defendant SHAPIRO, sent an email to investor S.J., with a copy to defendant SHAPIRO, attaching Capitol's 2006 tax Form 1120S, which falsely reported gross sales of approximately $54 million in 2006.

       f.   On or about November 5, 2007, UC 3, at the direction of defendant SHAPIRO, sent an email to investor S.J., with copies to defendant SHAPIRO and UC 1, attaching "financial reports as of June 30, 2007" for Capitol, which falsely reported gross sales of approximately $25 million between January 1, 2007, and June 30, 2007.

       g.   On or about January 26, 2009, defendant SHAPIRO and others created and caused to be created fictitious invoices to solicit investor A.S., though A.S.'s business, to invest

Case 2:10-cr-00471-SDW Document 12 Filed 07/14/10 Page 11 of 21 PageID: 32

approximately $200,000 in Capitol based on defendant SHAPIRO's false representations that the money would be used to fund Capitol's wholesale grocery business.

h. In or about early 2009, defendant SHAPIRO had a telephone conversation with investor "R.S." in which defendant SHAPIRO falsely stated that Capitol could not pay investor R.S. his interest payments due and owing because defendant SHAPIRO's accountant was "on vacation" and because Capitol's vendors were late in making payments to Capitol.

i. In or about May 2009, defendant SHAPIRO had a conversation with investor "A.H." in which defendant SHAPIRO falsely stated that Capitol could not pay investor A.H. his interest payments due and owing because Capitol's vendors were "dragging out payments" and "running 90 days late, when previously they had paid in 45 days."

17. Defendant SHAPIRO, UC 1, UC 2, UC 3, and others made and caused to be made numerous lulling payments to investors, including the following acts:

a. On or about January 10, 2006, defendant SHAPIRO and others sent and caused to be sent approximately $202,000 by wire transfer from Capitol's account at Bank of America to investor R.K.'s business account in Florida.

b. On or about April 6, 2006, defendant SHAPIRO and others sent and caused to be sent approximately $1,000 by wire transfer from Capitol's account at Bank of America to investor

J.D.'s account at Flagstar Bank in Michigan.

c. On or about February 23, 2007, defendant SHAPIRO and others sent and caused to be sent approximately $96,627.50 by wire transfer from Capitol's account at Bank of America to investor D.W.'s account at Wachovia Bank NA in Virginia.

d. On or about February 2, 2009, defendant SHAPIRO and others sent and caused to be sent approximately $204,000 by wire transfer from Capitol's account at Bank of America to A.S.'s business account.

18. Defendant SHAPIRO, UC 1, UC 2, UC 3, and others misappropriated investor funds for defendant SHAPIRO's personal use from the Capitol account to various other bank accounts under Defendant SHAPIRO's control, including the following acts:

a. On or about February 8, 2008, defendant SHAPIRO and others sent and caused to be sent approximately $32,000.45 from Capitol's account at Bank of America to defendant SHAPIRO's personal account at Wachovia Bank NA.

b. On or about February 15, 2008, defendant SHAPIRO and others sent and caused to be sent approximately $25,105.26 from Capitol's account at Bank of America to defendant SHAPIRO's account at Bank of America.

c. On or about February 15, 2008, defendant SHAPIRO and others sent and caused to be sent approximately $25,105.26 by wire transfer from defendant SHAPIRO's account at Bank of America to defendant SHAPIRO's personal account at Wachovia Bank NA.

-12-

Case 2:10-cr-00471-SDW Document 12 Filed 07/14/10 Page 13 of 21 PageID: 34

d. On or about February 19, 2008, defendant SHAPIRO and others sent and caused to be sent approximately $26,316.46 from defendant SHAPIRO's personal account at Wachovia Bank NA to IndyMac Bank in payment for defendant SHAPIRO's mortgage.

e. On or about May 19, 2008, defendant SHAPIRO and others sent and caused to be sent approximately $100,000 by wire transfer from Capitol's account at Bank of America to defendant SHAPIRO's personal account at Wachovia Bank NA.

f. On or about May 19, 2008, defendant SHAPIRO and others sent and caused to be sent approximately $26,316.46 from defendant SHAPIRO's personal account at Wachovia Bank NA to IndyMac Bank in payment for defendant SHAPIRO's mortgage.

g. On or about August 22, 2008, defendant SHAPIRO and others sent and caused to be sent approximately $31,124.45 from Capitol's account at Bank of America to defendant SHAPIRO's personal account at Wachovia Bank NA.

h. On or about September 19, 2008, defendant SHAPIRO and others sent and caused to be sent approximately $31,124.45 from Capitol's account at Bank of America to defendant SHAPIRO's personal account at Wachovia Bank NA.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### (Securities Fraud)

1. Paragraphs 1 and 4 through 18 of Count 1 of this Indictment are realleged as if set forth in full herein.

2. From in and around January 2005 to in and around November 2009, in the District of New Jersey and elsewhere, defendant

### NEVIN SHAPIRO

by use of the means and instrumentalities of interstate commerce and the mails, directly and indirectly, knowingly and willfully used manipulative and deceptive devices and contrivances in contravention of Title 17, Code of Federal Regulations, Section 240.10b-5 (Rule "10b-5") in connection with the purchase and sale of securities by (a) employing devices, schemes, and artifices to defraud members of the investing public; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and a course of business which operated and would operate as a fraud and deceit upon Capitol investors;

In violation of Title 15, United States Code, Sections 78j(b) and 78ff(a) and Title 17, Code of Federal Regulations, Section 240-10b-5.

-14-

## COUNTS 3-4
### (Wire Fraud)

1. Paragraphs 1 and 4 through 18 of Count 1 of this Indictment are realleged as if set forth in full herein.

2. On or about the dates set forth below, in the District of New Jersey and elsewhere, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing and attempting to execute such scheme, defendant

NEVIN SHAPIRO

did knowingly and intentionally transmit and cause to be transmitted by means of wire, radio, or television communications in interstate and foreign commerce, the writings, signs, signals, pictures, and sounds described below:

| COUNT | APPROXIMATE DATE | WIRE COMMUNICATION |
|-------|------------------|--------------------|
| 3 | May 16, 2008 | Wire transfer of approximately $130,993.75 from Capitol's account at Bank of America in Florida, to Pershing LLC in New Jersey for benefit of investor "J.Y." |
| 4 | July 8, 2008 | Wire transfer of approximately $127,260.27 from Capitol's account at Bank of America in Florida, to Pershing LLC in New Jersey for benefit of investor J.Y. |

In violation of Title 18, United States Code, Section 1343 and Section 2.

-15-

<u>Counts 5-6</u>
(Transacting in Criminal Proceeds)

1.  Paragraphs 1 and 4 through 18 of Count 1 of this Indictment are realleged as if set forth in full herein

2.  On or about the dates set forth below, in the District of New Jersey and elsewhere, defendant

NEVIN SHAPIRO

knowingly engaged and attempted to engage in monetary transactions affecting interstate commerce in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, that is securities fraud and wire fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), Title 17, Code of Federal Regulations, Section 240-10b-5, and Title 18, United States Code, Sections 1343 and 2, as follows:

| COUNT | APPROXIMATE DATE | MONETARY TRANSACTION |
|-------|------------------|----------------------|
| 5 | May 16, 2008 | Wire transfer of approximately $130,993.75 from Capitol's account at Bank of America in Florida, to Pershing LLC in New Jersey for benefit of investor J.Y. |
| 6 | July 8, 2008 | Wire transfer of approximately $127,260.27 from Capitol's account at Bank of America in Florida, to Pershing LLC in New Jersey for benefit of investor J.Y. |

In violation of Title 18, United States Code, Section 1957 and Section 2.

-16-

## FIRST FORFEITURE ALLEGATION

1.     The allegations contained in Counts 1 through 4 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2.     Upon conviction of the offenses in violation of Title 15, United States Code, Section 78ff(a), Title 18, United States Code, Section 371, and Title 18, United States Code, Section 1343, set forth in Counts 1 through 4 of this Indictment, the defendant, NEVIN SHAPIRO, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), all right, title, and interest in any property, real or personal, that constitutes or is derived from proceeds traceable to the offenses of conviction.

3.     If any of the property described above, as a result of any act or omission of the defendant:

> a.     cannot be located upon the exercise of due diligence;
>
> b.     has been transferred or sold to, or deposited with, a third party;
>
> c.     has been placed beyond the jurisdiction of the court;
>
> d.     has been substantially diminished in value; or

-17-

e.  has been commingled with other property which
cannot be divided without difficulty,

the United States shall be entitled, pursuant to Title 21, United

States Code, Section 853(p), as incorporated by Title 28, United

States Code, Section 2461(c), to forfeiture of any other property

of the defendant, Nevin Shapiro, up to the value of the property

described in the preceding paragraph.

## SECOND FORFEITURE ALLEGATION

1.     The allegations contained in Counts 5 and 6 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1).

2.     Upon conviction of the offenses in violation of Title 18, United States Code, Section 1957, set forth in Counts 5 and 6 of this Indictment, the defendant, NEVIN SHAPIRO, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all right, title, and interest in any property, real or personal, involved in such offense, and all property traceable to such property, including, but not limited to, approximately $258,254.02 in United States currency and all property traceable thereto, in that such sum in aggregate is property that was involved in the aforesaid offenses and is traceable to such property.

3.     If any of the property described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

-19-

    e.    has been commingled with other property which
          cannot be divided without difficulty,

the United States shall be entitled, pursuant to Title 21, United

States Code, Section 853(p), as incorporated by Title 18, United

States Code, Section 982(a)(1), to forfeiture of any other

property of the defendant, NEVIN SHAPIRO, up to the value of the

property described in the preceding paragraph.


                                    A TRUE BILL


PAUL J. FISHMAN
UNITED STATES ATTORNEY

-20-

CASE NUMBER: 10-Cr.471(SDW)

# United States District Court
# District of New Jersey

## UNITED STATES OF AMERICA

v.

## NEVIN SHAPIRO

# INDICTMENT FOR

15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. 240.10b-5;
18 U.S.C. §§ 371, 981(a)(1)(C), 982(a)(1), 1343, 1957 and 2;
28 U.S.C. §§ 2461(c)

**A True Bill,**

_____

Foreperson

## PAUL J. FISHMAN

_U.S. ATTORNEY_

_NEWARK, NEW JERSEY_

JUSTIN ARNOLD

ASSISTANT U.S. ATTORNEY

973-645-2785

Case 2:10-cr-00471-SDW Document 1 Filed 05/04/10 Docket Page 30 of 40

AO 245B (Mod. D/NJ 12/06) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

    v.                                   Case Number    2:10-471-01

NEVIN SHAPIRO

    Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, NEVIN SHAPIRO, was represented by Maria Elena Perez, Esq. (Retained).

On motion of the United States the court has dismissed count(s) 1, 3-4, 6.

The defendant pled guilty to count(s) 2,5 of the INDICTMENT on 9/15/10. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 15:78j(b)78ff(a) and 17:240-10b-5 | Securities Fraud | 1/05 - 11/09 | 2 |
| 18:1957 | Transacting in criminal proceeds | 5/16/08 - 7/8/08 | 5 |

As pronounced on 6/7/11, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $200.00, for count(s) 2, 5, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the __14__ day of June, 2011.

SUSAN D. WIGENTON
United States District Judge

07032

Certified as a true copy on
This Date: 6/14/11
By _____
( ) Clerk
( ✓ ) Deputy

AO 245B (Mod. D/NJ 12/06) Sheet 2 - Imprisonment

Defendant:     NEVIN SHAPIRO
Case Number:   2:10-471-01

Judgment – Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 240 months (240 months on Count Two and 120 months on Count Five, to be served concurrently).

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ To _____

At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245B (Mod. D/NJ 12/06) Sheet 3 - Supervised Release

Defendant:     NEVIN SHAPIRO
Case Number:   2:10-471-01

Judgment – Page 3 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years (3 years on each of Counts Two and Five, to run concurrently).

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court as set forth below.

The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

### ALCOHOL/DRUG TESTING AND TREATMENT

You shall refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and the use of alcohol, and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you shall submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged by the Court. You shall alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The Probation Officer shall supervise your compliance with this condition.

### GAMBLING RESTRICTIONS AND REGISTRATION ON EXCLUSION LISTS

You shall refrain from all gambling activities, legal or otherwise, to include the purchase or receipt of lottery tickets. You shall register on the self-exclusion lists maintained by the New Jersey Casino Control Commission and Racetrack Commission within 60 days of the commencement of supervision and remain on these lists for the duration of supervision. The Probation Officer shall supervise your compliance with this condition.

### MENTAL HEALTH TREATMENT

You shall undergo treatment in a mental health program approved by the United States Probation Office until discharged by the Court. As necessary, said treatment may also encompass treatment for gambling, domestic violence and/or anger management, as approved by the United States Probation Office, until discharged by the Court. The Probation Officer shall supervise your compliance with this condition.

### NEW DEBT RESTRICTIONS

You are prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office. You shall not encumber or liquidate interest in any assets unless it is in direct service of the fine and/or restitution obligation or otherwise has the expressed approval of the Court.

### RESTRICTIONS FROM ENTERING GAMBLING ESTABLISHMENTS

You shall not enter any gambling establishment without the permission of the U.S. Probation Office and/or the Court.

### SELF-EMPLOYMENT/BUSINESS DISCLOSURE

You shall cooperate with the U.S. Probation Office in the investigation and approval of any position of self-employment,

AO 245B (Mod. D/NJ 12/06) Sheet 3 - Supervised Release

Defendant: NEVIN SHAPIRO
Case Number: 2:10-471-01

including any independent, entrepreneurial, or freelance employment or business activity. If approved for self-employment, you shall provide the U.S. Probation Office with full disclosure of your self-employment and other business records, including, but not limited to, all of the records identified in the Probation Form 48F (Request for Self Employment Records), or as otherwise requested by the U.S. Probation Office.

OCCUPATIONAL RESTRICTIONS

As a further special condition of supervised release, the defendant is to refrain from holding, seeking or obtaining any position of employment, salaried or otherwise, involving or in any way related to the solicitation, collection, handling or disbursement of assets or investments of any individuals or entities.

*{As an underlying foundation for this special condition, the Court must find that: (1) a reasonably direct relationship existed between the defendant's occupation, business or profession and the conduct relevant to the offense of conviction; (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted; and (3) that the time frame and structure of the special condition is for the minimum time frame and to the minimum extent necessary to protect the public.}*

Defendant:       NEVIN SHAPIRO
Case Number:   2:10-471-01

Judgment – Page 5 of 7

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1)   The defendant shall not commit another federal, state, or local crime during the term of supervision.

2)   The defendant shall not illegally possess a controlled substance.

3)   If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4)   The defendant shall not leave the judicial district without the permission of the court or probation officer.

5)   The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7)   The defendant shall support his or her dependents and meet other family responsibilities.

8)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9)   The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13)   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

(17)   You shall cooperate in the collection of DNA as directed by the Probation Officer.

*(This standard condition would apply when the current offense or a prior federal offense is either a felony, any offense under Chapter 109A of Title 18 (i.e., §§ 2241-2248, any crime of violence [as defined in 18 U.S.C. § 16], any attempt or conspiracy to commit the above, an offense under the Uniform Code of Military Justice for which a sentence of confinement of more than one year may be imposed, or any other offense under the Uniform Code that is comparable to a qualifying federal offense);*

(18)   Upon request, you shall provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual

Defendant:     NEVIN SHAPIRO
Case Number:   2:10-471-01

and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. You shall cooperate with the Probation Officer in the investigation of your financial dealings and shall provide truthful monthly statements of your income. You shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Office access to your financial information and records;

(19)   As directed by the U.S. Probation Office, you shall participate in and complete any educational, vocational, cognitive or any other enrichment program offered by the U.S. Probation Office or any outside agency or establishment while under supervision;

(20)   You shall not operate any motor vehicle without a valid driver's license issued by the State of New Jersey, or in the state in which you are supervised. You shall comply with all motor vehicle laws and ordinances and must report all motor vehicle infractions (including any court appearances) within 72 hours to the U.S. Probation Office;

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____
                          Defendant                          Date


_____
       U.S. Probation Officer/Designated Witness       Date

AO 245B (Mod. D/NJ 12/06) Sheet 6 - Restitution and Forfeiture

Defendant:     NEVIN SHAPIRO

Case Number:   2:10-471-01

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution in the total amount of $82,657,362.29. The Court will waive the interest requirement in this case. Payments should be made payable to the **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608, for distribution to the following victims in the following descending order of priority:

**Name of Payee (Victim)**                              **Amount of Restitution**

      See Attached List

The restitution is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program (IFRP). If the defendant participates in the IFRP, the restitution shall be paid from those funds at a rate equivalent to $25 every 3 months. In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $500, to commence 30 days after release from confinement.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

## U.S. vs. NEVIN SHAPIRO
## DOCKET NO. 10-00471-001

| Victim | Loss Amount |
|---|---|
| B. A. | $387,956.85 |
| C. A. | $288,310.00 |
| J. A. | $239,800.00 |
| D. A. | $25,000.00 |
| B. S. (B., LLC) | $2,178,353.29 |
| C. B. | $480,000.00 |
| B. B., W. LLC | $74,513.70 |
| T. C. (SEP-IRA) | $502,526.85 |
| D. F. LP | $461,260.93 |
| D. D. | $2,200,000.00 |
| P. D. | $138,916.67 |
| J. D. and J. | $54,579.40 |
| Dr. J. E. | $874,000.12 |
| J. E. | $435,000.00 |
| J. F. | $572,483.37 |
| G. G. | $214,000.00 |
| R. G. | $1,220,833.30 |
| S. G. | $165,500.00 |
| R. H. | $291,107.74 |
| C. H. | $152,666.62 |
| J. H. | $272,550.00 |
| S. H. | $1,213,709.74 |
| D. H. | $388,102.74 |
| J. and R. H. | $277,483.33 |
| P. I. | $368,208.33 |
| J. M. I., LLC | $128,000.00 |
| S. J. | $31,640,481.76 |

**U.S. vs. NEVIN SHAPIRO**
**DOCKET NO. 10-00471-001**

| | |
|---|---:|
| R. and S. J. | $494,328.81 |
| V. A. | $317,150.70 |
| H. B. (c/o M. H.) | $491,369.86 |
| V. G. | $2,535,385.32 |
| J. K. | $100,000.00 |
| M. F. LTD P. | $1,488,375.86 |
| A. and G. S. | $665,424.40 |
| M. S. | $133,430.11 |
| S. S. | $38,608.18 |
| R. M. | $906,870.83 |
| J. M. (Trust - PHJW) | $98,500.00 |
| G. M. | $222,580.82 |
| R. N. | $312,500.00 |
| D. P. | $89,000.00 |
| R. R. | $140,333.33 |
| D. R. | $441,666.70 |
| J. S. | $83,500.00 |
| J. S. | $843,333.33 |
| S. I., Inc. | $305,833.33 |
| J. S. | $393,194.49 |
| R. S. | $177,155.58 |
| T. S. | $2,729,236.67 |
| W. S. | $212,000.00 |
| S. B. C. M. | $1,715,833.35 |
| S. C. L.T. | $400,000.00 |
| S. C. R. U | $440,116.43 |
| S. F. LTD | $1,000,000.00 |

## U.S. vs. NEVIN SHAPIRO
## DOCKET NO. 10-00471-001

| | |
|---|---:|
| J. and J. S. | $400,000.00 |
| J. S. | $7,866,219.16 |
| B. S. | $4,251,833.18 |
| V. L. P. | $1,002,005.03 |
| F. W. | $4,571,263.20 |
| P. W. | $340,138.38 |
| J. W. | $883,333.30 |
| WSG D. (E. S.) | $1,321,507.20 |
| TOTAL: | $82,857,362.29 |